**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**WALTER GREEN, ADC #143492**                                   **PLAINTIFF**

**V.**                          **CASE NO. 2:14-CV-00044 DPM/BD**

**VEREATHA SCALES and DANNY BURL**                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.   <u>Background</u>:

Walter Green, an Arkansas Department of Correction ("ADC") inmate, filed this

case *pro se* under 42 U.S.C. § 1983.  Upon screening the complaint, the Court found that

Mr. Green had stated retaliation claims against Defendants Scales and Burl.  (Docket

entry #4)  Defendants have now moved for summary judgment on Mr. Green's claims,

and Mr. Green responded to the motion.  (#23, #27)

For the reasons explained below, the Court will recommend that Defendants'

motion for summary judgment (#23) be GRANTED.[1]

## III.   <u>Discussion</u>:

A.      Standard for Granting Summary Judgment

Summary judgment is granted to a party when the evidence, viewed in the light

most favorable to the *nonmoving* party, presents no genuine dispute as to any material

fact.  FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548

(1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A

moving party must first present evidence that there is no genuine dispute as to any

---

[1]  Because Mr. Green's claims fail as a matter of law, the Court will not address the
Defendants' immunity arguments in this Recommendation.

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

If the moving party meets this burden, the nonmoving party must come forward with

evidence showing that there is a genuine dispute that must be decided at a trial.

*Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If the

nonmoving party does not submit enough proof to establish a necessary element of a

claim, the moving party is entitled to judgment on that claim without a trial.  *Celotex*

*Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

      B.      Exhaustion as to Defendant Burl

      Defendant Burl contends that Mr. Green failed to fully exhaust a grievance against

him.  The Court must consider this issue before addressing the merits of Mr. Green's

retaliation claim against Defendant Burl.  See *Davis v. Harmon,* Case No. 10-1863, 2010

WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court

erred when it dismissed the case, with prejudice, on the merits without first considering

the exhaustion issue, and dismissing without prejudice).

      Prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C.

§ 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819

(2001) (holding that available remedies "must be exhausted before a complaint under

§ 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that is

"capable of use for the accomplishment of a purpose; immediately utilizable [and]

accessible."  *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  If a claim is not fully

3

exhausted by the time a lawsuit is filed, the Court must dismiss it.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The prison's procedures, rather than federal law, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Furthermore, an inmate's beliefs about the effectiveness of a prison's administrative procedures are irrelevant in determining whether administrative procedures were available.  *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Based upon the evidence presented, Mr. Green fully exhausted four grievances related to the claims raised in this lawsuit – grievances EAM13-01479, EAM13-01498, EAM13-01803, and EAM13-01829.  (#23-3 a p.3)  Although Defendant Burl is mentioned in three of these grievances, Mr. Green did not fully exhaust a constitutional claim against Defendant Burl.

In grievance EAM13-01498, submitted on May 9, 2013, Mr. Green appears to be using the grievance process to notify Defendant Burl about Defendant Scales's alleged retaliatory conduct.  He states:  "I must contact you for the alleged retaliation."  (#2 at p.29)  Mr. Green, however, does not allege that Defendant Burl retaliated against him in that grievance.

On June 10, 2013, Mr. Green submitted grievance EAM13-01803.  (#2 at p.34)  In that grievance, Mr. Green complains that he filed a grievance regarding Defendant Scales's alleged retaliatory conduct on May 9, 2013, but has not received any response

4

from Defendant Burl.  Defendant Burl, however, rejected that grievance because it was untimely.  (#2 a p.36)

In an almost identical grievance, EAM13-01829, which was also submitted on June 10, 2013, Mr. Green again explains that he filed a grievance informing Defendant Burl of Defendant Scales's alleged retaliatory conduct, but has not received any notice that Defendant Burl received that grievance.   (#2 a p.31)  Grievance EAM13-01829 was also rejected as untimely.  (#2 at p.33)

In his response to the Defendants' motion, Mr. Green argues that he could not proceed in the grievance process because he did not receive a timely response to the grievances he submitted.  The ADC grievance procedure, however, specifically allows an inmate to proceed to the next level of the grievance process if the inmate is not contacted about a resolution of his complaint, or if he does not receive a response to his grievance within a set time period.  (#23-2 at pp. 7, 10)

Here, Mr. Green does not explain how Defendant Burl violated his constitutional rights in any fully exhausted grievance.[2]  Because Mr. Green has not come forward with any evidence that he fully exhausted a retaliation claim against Defendant Burl, this claim should be dismissed, without prejudice, for failure to exhaust administrative remedies.

---

[2]  The Court notes that failing to respond to a grievance, standing alone, fails to rise to a constitutional level. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

5

C.      Retaliation as to Defendant Scales

Mr. Green claims that Defendant Scales charged him with a false disciplinary in
retaliation for his filing a grievance against her.  Filing a grievance is protected first
amendment activity.  See *Dixon v. Brown*, 28 F.3d 379 (8th Cir. 1994).

To prove a retaliation claim, a prisoner must present evidence that he engaged in
constitutionally protected activity; that defendants took adverse action against him that
would chill a person of ordinary firmness from engaging in that activity; and that
retaliation was the actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486
F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).
Retaliation must have been the "actual motivating factor," meaning that the adverse
action would not have occurred "but for a retaliatory motive." *Lewis,* 486 F.3d at 1029;
*Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009).

The following facts are undisputed.  On May 6, 2013, Defendant Scales charged
Mr. Green with a major disciplinary for failing to obey staff, insolence to a staff member,
using abusive language, and threatening to inflict injury on another person.  (#23-1 at p.3;
#27 at p.68)  On May 15, 2013, a disciplinary hearing was held.  Disciplinary Hearing
Officer Lorie Taylor found Mr. Green not guilty of failing to obey staff, but found him
guilty of the other three rule-violation charges.  (#23-1 at p.1; #27 at p.68)  Defendant
Burl, the Hearing Officer Administrator, and ADC Director Ray Hobbs upheld the

disciplinary conviction on appeal.  (#23-1 at p.2)  Mr. Green does not contest that he was

convicted of these rule infractions.[3]

Because Mr. Green was convicted of violating prison rules, and the charges were

supported by some evidence (Defendant Scales's report), Mr. Green's retaliatory

discipline claim fails.  *Hartsfield v. Nichols*, 511 F .3d 826, 831 (8th Cir. 2008); *Hrbek v.*

*Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

Furthermore, after Defendant Scales allegedly retaliated against him, Mr. Green

submitted at least eight other grievances.  (#27 at pp.8, 9, 17, 28, 42, 45, 54, 63)

Accordingly,  Mr. Green's own actions tend to show that Defendant Scales's conduct

would not chill a person of ordinary firmness from exercising protected first amendment

rights.

## IV.   <u>Conclusion</u>:

The Court recommends that Defendants' motion for summary judgment (#23) be

GRANTED.  Mr. Green's retaliation claim against Defendant Burl should be

DISMISSED, without prejudice, based on his failure to exhaust his administrative

---

[3]  According to the disciplinary report, Mr. Green originally pleaded guilty to
failing to obey an order.  In his response to the Defendants' motion, however, Mr. Green
asserts that he pleaded not guilty to this rule infraction.  (#23-1 at p.4; #27 at p.68)  Mr.
Green was found not guilty of this charge, so the Court will assume that he pleaded not
guilty.  Because he was found not guilty, however, this disciplinary cannot support his
retaliation claims.

remedies.  Mr. Green's retaliation claim against Defendant Scales should be

DISMISSED, with prejudice.

DATED this 22nd day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE